## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 12 2019, 10:39 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Tyler D. Helmond
Voyles Vaiana Lukemeyer Baldwin & Webb
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General

Tiffany A. McCoy
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Ronald M. Lemon,

*Appellant-Defendant*,

v.

State of Indiana,

*Appellee-Plaintiff*.

December 12, 2019

Court of Appeals Case No.
19A-CR-1603

Appeal from the Vanderburgh Superior Court

The Honorable Jill R. Marcrum, Magistrate

Trial Court Cause No.
82D02-1812-CM-8048

**Brown, Judge.**

[1] Ronald M. Lemon appeals his conviction for driving while suspended. He raises one issue which is whether the evidence is sufficient to sustain his conviction. We affirm.

*Facts and Procedural History*

[2] On December 4, 2018, Vanderburgh County Sheriff's Sergeant David Eads was in an unmarked vehicle and observed Lemon driving a vehicle with expired plates and that the style of plate had not been issued for many years. Sergeant Eads followed Lemon who drove in a circle, entered a business parking lot, exited the vehicle, changed shirts, and began walking away.

[3] Evansville Police Detective Tony Johnson responded to the area and approached Lemon with Sergeant Eads. Lemon identified himself as Ronald Lemon, said he was just out for a walk, and denied any involvement in driving the vehicle. Sergeant Eads asked him if he was supposed to be driving, and he said "no." Transcript Volume II at 8. Sergeant Eads and another officer verified that Lemon's driving status was suspended. On December 5, 2018, the State charged Lemon with Count I, driving while suspended as a class A misdemeanor; and Count II, operating with an expired plate as a class C infraction.[1]

---

[1] The State also charged Lemon with Count III, possession of marijuana as a class A misdemeanor, but later dismissed the charge. **(App. II 14-15; Tr. II 16)**

[4] At the bench trial, the State presented the testimony of Sergeant Eads and Detective Johnson. When asked to identify a document, Sergeant Eads stated: "It's a certified BMV record, driving status for Ronald Maurice Lemon. It states his license status is suspended. And I remember at the time, he had 28 previous suspensions. Seven previous convictions." *Id.* The prosecutor moved to admit the certified BMV record as State's Exhibit 1, Lemon's counsel indicated that he believed it was admissible, and the court admitted it without objection. The court found Lemon guilty of driving while suspended under Count I and sentenced him to sixty days in the Vanderburgh County Jail.[2]

## *Discussion*

[5] The issue is whether the evidence is sufficient to sustain Lemon's conviction. Lemon argues that the State failed to prove that he was suspended and had a prior conviction. He asserts that the State never admitted evidence linking him to the BMV record. The State argues that it presented sufficient evidence and that Lemon preserved no claim that the BMV record was improperly admitted.

[6] When reviewing the sufficiency of the evidence to support a conviction, appellate courts must consider only the probative evidence and reasonable inferences supporting the verdict. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the factfinder's role, not that of appellate courts, to assess witness

---

[2] The court also found Lemon guilty of Count II, operating with an expired plate, but later stated: "I'm going to waive the fines and costs and judgment and costs on Count 2." Transcript Volume II at 17.

credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id.* Appellate courts, when confronted with conflicting evidence, must consider the evidence most favorable to the trial court's ruling. *Id.* We will affirm unless no reasonable factfinder could find the elements of the crime proven beyond a reasonable doubt. *Id.* The evidence is sufficient if an inference may reasonably be drawn from it to support the verdict. *Id.* at 147.

[7] The charging information alleged that "Ronald Maurice Lemon, did operate a motor vehicle upon a public highway . . . which said Ronald Maurice Lemon's driving privilege, license or permit was suspended or revoked . . . ." Appellant's Appendix Volume II at 14. The offense of driving while suspended as a class A misdemeanor is governed by Ind. Code § 9-24-19-2, which provides:

> An individual who:
>
>> (1) knows that the individual's driving privileges, driver's license, or permit is suspended or revoked; and
>>
>> (2) operates a motor vehicle upon a highway less than ten (10) years after the date on which judgment was entered against the individual for a prior unrelated violation of section 1 of this chapter, this section, IC 9-1-4-52 (repealed July 1, 1991), or IC 9-24-18-5(a) (repealed July 1, 2000);
>
> commits a Class A misdemeanor.

[8] Ind. Code § 9-30-3-15 provides:

> In a proceeding, prosecution, or hearing where the prosecuting attorney must prove that the defendant had a prior conviction for an offense under this title, the relevant portions of a certified

computer printout or electronic copy made from the records of the bureau are admissible as prima facie evidence of the prior conviction. However, the prosecuting attorney must establish that the document identifies the defendant by the defendant's driver's license number or by any other identification method utilized by the bureau.

[9] Initially, we note that Lemon did not object to the admission of the certified BMV record. Rather, when the court asked Lemon's counsel if he had a chance to look at the BMV record, he stated: "I have, Your Honor, and I believe that the State indicated that this is submitted under the business records exception to hearsay. And so we believe that it's admissible." Transcript Volume II at 9.

[10] The record reveals that Sergeant Eads asked Lemon if he was supposed to be driving, and he said "no." *Id.* at 8. Sergeant Eads also testified that "an officer there with a computer . . . was able to verify his driving status was suspended." *Id.* When asked whether he was able to verify that Lemon was suspended, he responded affirmatively. Detective Johnson testified that Lemon "was IDed at the time and then that's when his driver status was ran and we confirmed – it was confirmed that he was suspended." *Id.* at 13. The BMV record lists Lemon's license status as suspended and indicates multiple suspensions and convictions.

[11] Sergeant Eads testified that Lemon identified himself as Ronald Lemon, which is the name on the BMV record produced at trial. The charging information asserted that Lemon was a male with a specific license number and a date of birth of May 14, 1987. The BMV record produced at trial contained the name

of Ronald Maurice Lemon and identified this individual as a male with the same license number as that in the charging information and a date of birth of May 14, 1987. Additionally, the BMV record included a physical description of Lemon, which indicated that he had a height of six feet, a weight of 150 pounds, brown hair, and green eyes. The trial court, as the trier of fact, was able to observe Lemon in the courtroom and make a reasonable inference that he was the person identified in the BMV record. Based upon our review of the evidence, we conclude that the State presented evidence of a probative nature from which a trier of fact could find beyond a reasonable doubt that Lemon committed the offense of driving while suspended as a class A misdemeanor.

[12] For the foregoing reasons, we affirm Lemon's conviction.

[13] Affirmed.

Baker, J., and Riley, J., concur.